NOT DESIGNATED FOR PUBLICATION

No. 122,481

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORGE PAGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 9, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER and WARNER, JJ.

PER CURIAM: Jorge Pagan was convicted of criminal trespass after he entered a locked basement storage area of an apartment building. He appeals, arguing that he thought his entry was authorized by the owner of the property. Viewing the evidence presented at Pagan's trial in the light most favorable to the State, we find there was sufficient evidence to show he knowingly entered the premises without permission. We therefore affirm his conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

In late 2017, Dharmendria Sager purchased multiple Wichita apartment buildings. Each building had four apartments and a basement. The basement in one of these buildings—Building 1133—remained locked, both by a doorknob lock and by a latch secured with a padlock. A "No Trespassing" sign had been posted on the basement door by a previous owner, and Sager did not remove it.

Sager engaged a contractor to remodel the apartments, and the contractor hired Pagan as one of the subcontractor workers on the project. During the remodeling project, Pagan entered into a one-year rental agreement for a unit in Building 1133. But he ended up living in that apartment for only about a month, from December 2017 to January 2018. He finished his work on Sager's buildings in February, after he had moved out.

On May 23, 2018, a tenant saw a man leave the basement of Building 1133 with yellow scaffolding and an extension cord. The man placed the items in his truck and drove away. The tenant called Sager to report what she had seen. When Sager arrived, he found the latch (which held the padlock) to Building 1133's basement door unscrewed from the doorframe. After the tenant described the man's truck, Sager showed her a Facebook photo of Pagan to find out if he was the person she had seen. When she identified Pagan as the man she saw earlier, Sager called the police. The tenant again identified Pagan from a photo array conducted by the Wichita Police Department.

The State originally charged Pagan with burglary and theft, but it later amended the complaint to charge him solely with one count of criminal trespass. The case proceeded to a bench trial, where Sager and Pagan provided markedly different accounts of the events.

Pagan testified that he owned the yellow scaffolding and extension cord, and he admitted to entering the basement to retrieve them. But he testified that the latch had already been unscrewed from the doorframe when he arrived, and the doorknob lock never worked. Pagan also explained that his rental agreement included access to both the apartment and the basement, and upon moving in, he received permission to store his tools there and was given the key to the padlock on the basement door. He stated that when he moved out, Sager only asked for the apartment key back. Pagan testified that he thought he could continue to access the basement for various reasons—according to Pagan, he kept paying rent after he moved out, and Sager neither took the basement key nor returned his security deposit. Pagan said he had periodically moved tools from Building 1133's basement to his new house since February. He also stated that Sager had not paid him for past work or reimbursed him for a stove left in the apartment he rented.

Sager testified that during remodeling, workers (including Pagan) could access Building 1133's basement to get building supplies stored there, but they no longer had access to the basement once the work had finished. He stated that Pagan's rental agreement only included the apartment, and he had never given Pagan a key to the basement door or padlock. He also provided a conflicting account of other aspects of Pagan's testimony, indicating Pagan did not continue paying rent after he moved out and was not owed a security deposit.

At the close of the trial, the district court noted that there was "a lot of contradictory testimony." But the court found Pagan guilty of criminal trespass, finding he was not authorized to enter Building 1133's basement and knew he was not permitted to be there. In support of its findings, the court noted the presence of the "No Trespassing" sign on the basement door. The court also noted that with the padlock on the basement door, Pagan would have had to unscrew the latch in order to access the basement. And the court explained that whether Pagan owned the tools he removed was irrelevant because even if the tools were his, that did not authorize him to force open the

locked basement. Pagan now appeals, arguing the balance of the evidence did not support his conviction.

DISCUSSION

When a defendant challenges the sufficiency of the evidence, an appellate court reviews the evidence "in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Rosa*, 304 Kan. 429, Syl. ¶ 1, 371 P.3d 915 (2016). This means there must be evidence in the record supporting each element of the crime charged. See *State v. Dobbs*, 297 Kan. 1225, 1238, 308 P.3d 1258 (2013). And this evidence may be either direct or circumstantial, so long as the circumstantial evidence allows a fact-finder to draw a reasonable inference regarding the facts. See *State v. Banks*, 306 Kan. 854, 859, 397 P.3d 1195 (2017). Appellate courts do not reweigh the evidence, resolve evidentiary conflicts, or reassess witness credibility. *State v. Keel*, 302 Kan. 560, 566, 357 P.3d 251 (2015).

To prove criminal trespass, the State was required to show Pagan entered the locked basement of Building 1133 while knowing he was not authorized to do so. See K.S.A. 2020 Supp. 21-5808(a)(1)(B). Pagan admits that he entered the basement and that it was locked (and marked with a "No Trespassing" sign). But he argues that the evidence at trial does not support the conclusion that he acted knowingly—that is, that he *knew* he was not authorized to enter the basement.

We disagree. At trial, Sager testified that he had not given Pagan a key to the padlock on Building 1133's basement door. He also testified that after Pagan accessed the basement in May 2018, Sager found that the latch holding the padlock had been unscrewed from the basement doorframe. It is reasonable to conclude that Pagan arrived at the basement and found he did not have a key to the padlock (meaning he was not authorized to enter the premises). Yet instead of seeking permission to enter from the

4

landlord, Pagan proceeded to force open the door by unscrewing the latch. There was evidence presented at trial to show Pagan entered the premises knowing he did not have the authority to do so.

Pagan points out that Sager's testimony conflicted with his version of the events. In particular, Pagan notes that he testified that he did not have to unlock the padlock when he arrived at the basement because someone had already unscrewed the latch from the doorframe. But Sager testified that the latch had not been unscrewed the last time he visited the basement, and the district court noted that its ruling "weigh[ed] the credibility of all of the witnesses." In other words, the court heard Pagan's and Sager's accounts and found Sager's testimony to be more credible. It is not the role of an appellate court—who was not present to hear the witnesses' testimony or observe their demeanor—to second-guess that assessment.

Finally, Pagan emphasizes two evidentiary matters that, in his view, undermine the district court's findings. *First*, Pagan notes that the district court recalled that Sager indicated he changed the padlock after the construction work was finished, but Sager only testified that he changed the lock to the apartment where Pagan had been living (because Pagan did not return the key). We agree that the court's statements to this effect were not supported by the record. But they do not change the fact that Sager testified that he had not given Pagan a key to the basement padlock or that the latch secured by the padlock was found to be unscrewed from the doorframe. *Second*, Pagan emphasizes his belief that the tools he retrieved belonged to him, implying that Sager had improperly retained those items due to their ongoing disagreement regarding the broken lease. But the ownership of those items is not relevant to the question before us. Pagan was not convicted of theft or criminal deprivation of property. He was convicted of criminal trespass. And there was sufficient evidence presented at trial to support his conviction for that offense.

Affirmed.